IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.  Criminal No. 3:07CR233

WADDELL G. GIBBS

## MEMORANDUM OPINION

Waddell G. Gibbs, a federal inmate proceeding pro se, filed this 28 U.S.C. § 2255 motion. Gibbs contends that he is entitled to relief upon the following grounds:

Claims One   Gibbs's guilty plea was not knowingly and voluntarily entered as Gibbs was incompetent to make such a decision.

Claim Two    Gibbs was denied the effective assistance of counsel because counsel failed to file an appeal as requested.

The United States has responded.[1] Gibbs has filed a reply. The matter is ripe for disposition.

## I. PROCEDURAL HISTORY

On October 2, 2007, a grand jury returned a three-court Superseding Indictment against Gibbs. Count One charged Gibbs with possession with intent to distribute five grams or more of cocaine base. Count Two charged Gibbs with possession of marijuana. Count Three charged Gibbs with possession of a firearm in furtherance of a drug trafficking crime.

---

[1] The United States included with its response an affidavit from Gibbs's trial counsel, Carolyn V. Grady.

On March 6, 2008, Gibbs pleaded guilty to the three counts in the Superseding Indictment before United States Magistrate Judge M. Hannah Lauck. Gibbs signed a statement of facts, but did not have a written plea agreement. He was represented by Assistant Federal Public Defender Carolyn Grady.

On May 27, 2008, counsel for Gibbs filed a Motion for Variance Sentence. Counsel argued that such a sentence was warranted, in part, because:

> Waddell has been diagnosed with a variety of mental health issues that are probably at the root of his problems. The Chesterfield County Juvenile Court Service Unit Psychological evaluator noted that Waddell suffers with Attention Deficit Disorder (ADD) and was taking Ritalin for that disorder. A more recent evaluation by Dr. Gould from Chippenham Hospital noted that he was being treated for Attention Deficit Hyperactivity Disorder (ADHD), Anxiety Disorder and Oppositional Defiant Disorder. Finally, it has been noted that Waddell may be Emotionally Disturbed (ED) and apparently has never been treated for that condition. (PSR ¶ 78). Waddell himself has noted that he has some serious problems as he has harbored occasional suicide ideations since he was a teenager of 16. Apparently he never actually attempted suicide nor did he receive any help for his emotional problems. (PSR ¶ 80).

(Mot. for Variance Sentence 5-6.)

On June 13, 2008, the Court conducted a sentencing hearing. During that hearing, Beverly Gibbs, Gibbs's mother, testified regarding her son's ADHD, but she did not raise any concerns about his ability to understand his current criminal proceedings. The Court denied the Motion for a Variance sentence and sentenced Gibbs to a 160-month term of imprisonment.

## II. GIBBS'S CHALLENGE TO HIS GUILTY PLEA

In Claim One, Gibbs makes a very cursory claim that he was incompetent to plead guilty. He does not substantiate this claim with any new evidence of a severe mental disorder. Rather, he simply quotes counsel's description of his mental health issues in her Motion for a Variant Sentence and concludes that he was incompetent to plead guilty.

The test for determining competency is whether a defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding-and whether he has a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402, 402 (1960) (internal quotation marks omitted). "Competency claims can raise issues of both procedural and substantive due process." Walton v. Angelone, 321 F.3d 442, 459 (4th Cir. 2003). Specifically,

> [A] defendant may make a procedural competency claim by alleging that the trial court failed to hold a competency hearing after the defendant's mental competency was put in issue. To prevail, the defendant must establish that the trial court ignored facts raising a 'bona fide doubt' regarding the defendant's competency to stand trial.

Id. (quoting Pate v. Robinson, 383 U.S. 375, 384-86 (1966)).

Here, there were no doubts about Gibbs's competence. During his Rule 11 proceedings Gibbs demonstrated that he was able to "consult with his lawyer with a reasonable degree of rational understanding" and that he had a "rational as well as factual understanding of the proceedings against him." Dusky, 362 U.S. at

3

402. In addition to his general responses indicating his understanding of the proceedings, Gibbs repeatedly assured the Court that he capable of understanding his Rule 11 proceedings:

| | |
|---|---|
| COURT: | Have you drunk any alcohol or taken any drugs, prescription or otherwise, within the [p]ast 24 hours? |
| GIBBS: | Yes, ma'am. |
| COURT: | What kind of medicine?  Is it pain medicine or another . . . drug? |
| GIBBS: | A pain medicine and a muscle relaxant for my back. Back problem. |
| COURT: | Is there . . . anything about that medicine, that is why I asked the question, that would affect your ability to understand what we are doing? |
| GIBBS: | No, ma'am. |
| COURT: | -- or anything that would affect your ability to make a clear judgment about whether or not to plead guilty? |
| GIBBS: | No, ma'am. I take it-- |
| COURT: | Is that your experience in dealing with your client? |
| MS. GRADY: | It is, Your Honor. |
| COURT: | It is certainly my experience in looking [at] you. But that is why I asked the question. Have you ever been treated for any mental or emotional disorder of addiction of any kind? |
| GIBBS: | Yes, ma'am. |
| COURT: | What kind of treatment have you had? |
| GIBBS: | I didn't have drug treatment. XXX I had, how you say, like counseling or something when I was little XXX, for like behavior. |
| COURT: | Okay. |
| GIBBS: | Psychiatrist, things like that. |
| COURT: | When was your most recent treatment, either drug or from a psychiatrist? |
| GIBBS: | Drug treatment, I just was down in Richmond City Jail, twelve months. Seven of them I was in the XXX program they have down there, the drug program. |
| COURT: | Right. |
| GIBBS: | I just signed up for the program they have in Northern Neck. Before that probably '06 and prior years before that. |
| COURT: | How about any mental health treatment? When was the last time you received anything for that? |
| GIBBS: | Umm. |
| COURT: | It is just an estimate.  Five years? |

| | |
|---|---|
| GIBBS: | I'm going to say five years. |
| COURT: | This is why I'm asking these questions. Is there anything either about any drug use or any drug counseling, a failure to complete or anything else, or any mental health treatments or the reason that you got treatment that would similarly affect your ability to make a clear choice today, anything about either the treatment or what caused the treatment or any drug use that would affect your ability to be here and make a firm choice. |
| GIBBS: | No, ma'am. |
| COURT: | -- or to understand what we are doing. Nothing? |
| GIBBS: | No, ma'am. |
| COURT: | Okay. Are you in concurrence, Counsel? |
| MS. GRADY: | Again, I am, your Honor. |
| COURT: | You are clear as a bell as I look at you, but I have to cover everything. |
| GIBBS: | I understand. |

(Plea Hr'g Tr. 5-7.)

Given the "strong presumption of verity" attached to the "representations of the defendant" and his lawyer at a plea proceeding, Blackledge v. Allison, 431 U.S. 63, 73-74 (1977), and the absence of any specific evidence indicating that Gibbs's understanding of the proceedings against him or his ability to consult with counsel was impaired, Gibbs's conclusory allegation of incompetency is without merit. Accordingly, Claim One will be dismissed.

### III. COUNSEL'S FAILURE TO FILE AN APPEAL

In Claim Two, Gibbs swears that he is entitled to relief because, following sentencing, he directed counsel to note an appeal because he was unhappy with the sentence he received. (§ 2255 Mot. Gibbs Aff.) "[A] criminal defense attorney's failure to file a notice of appeal when requested by his client deprives the

5

defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success." United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993); accord Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). Thus, to prevail on an ineffective assistance claim for failing to note an appeal, a defendant need not "demonstrate that his hypothetical appeal might have had merit," but rather only that "but for counsel's deficient conduct, he would have appealed." Roe, 528 U.S. at 486.

As explained below, the United States concedes that Gibbs is entitled to relief on Claim Two. In response to the § 2255 motion, the United States contacted Ms. Grady and obtained an affidavit from her. Ms. Grady avers, "Mr. Gibbs decided to plead guilty to the offenses without a plea agreement, thereby preserving his right to appeal the sentencing aspect of his case." (Resp. of U.S. Grady Aff. ¶ 3.) Ms. Grady further acknowledges that:

> After the sentencing, I spoke with his parents on two occasions about the sentencing procedures and answered their questions regarding the Court's ruling and various other sentencing issues. Upon review of my time keeper notes, I cannot state when I spoke with Waddell after the sentencing. I also do not have any notation or independent memory that Waddell ever asked me to file a Notice of Appeal. However, I cannot state that he didn't ask for me to appeal the sentence since we had specifically preserved his right to appeal. It is possible that his family asked me to appeal or that Waddell communicated that message through his parents but I have no notes that reflect this. In short, I simply have no notation or independent memory about advising Mr. Gibbs about his appellate rights and I have no notation

6

> or independent memory as to his desires to appeal or not appeal the sentence.
> . . . I agree that we both, Mr. Gibbs and I, disagreed with the conversion of the money to cocaine base proceeds and discussed this after the sentencing. I also agree that I could have told Mr. Gibbs that an appeal would not be successful and that there were no grounds for an appeal. I cannot deny that Mr. Gibbs asked me to appeal the sentence, against my advice, and that my trial schedule at that time was extremely busy and that such an oversight could have occurred regarding Mr. Gibbs' appellate rights.

(Resp. of U.S. Grady Aff. ¶¶ 6, 7.) In light of the above, the United States "concede[s] that Ms. Grady rendered ineffective assistance of counsel in failing to follow Petitioner's request that she file an appeal. The United States asks this Court to vacate [Gibbs's] judgment of conviction and enter a new judgment from which an appeal can be taken." (Resp. of U.S. 8.)

Gibbs § 2255 motion will be GRANTED with respect to Claim Two. See Peak, 992 F.2d at 42 (discussing the appropriate remedy for such an error (citing Estes v. United States, 883 F.2d 645, 649 (8th Cir. 1989))). The Judgment in a Criminal Case entered on June 18, 2008 will be VACATED. An identical Judgment in a Criminal Case shall issue contemporaneously with the entry of this Memorandum Opinion and Order so that Gibbs can pursue a belated direct appeal.

Gibbs is advised of the following rights associated with an appeal of a judgment in a criminal case:

1. Unless a notice of appeal is filed (i) within fourteen (14) days after entry of the reimposed judgment or (ii) within fourteen (14) days after the filing of a timely notice of appeal by the Government, if the Government

7

files an appeal, the right to file a notice of appeal is waived.

2. Gibbs is advised that he is entitled to the assistance of counsel in taking an appeal. If Gibbs is unable to afford a lawyer, one will be appointed.

3. At this juncture, the Federal Public Defender will be directed to contact Gibbs to ascertain whether he wishes to file an appeal and file an appeal if Gibbs wishes to file an appeal.

### IV. CONCLUSION

The 28 U.S.C. § 2255 motion (Docket No. 38) will be GRANTED IN PART AND DENIED IN PART. The action will be DISMISSED.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Gibbs has not satisfied this standard with respect to Claim One. Accordingly, a certificate of appealability will be denied.

The Clerk is DIRECTED to send a copy of the Memorandum Opinion to Gibbs, counsel for the United States, and Ms. Grady.

And it is so ORDERED.

/s/ REP
ROBERT E. PAYNE
SENIOR UNITED STATES DISTRICT JUDGE

Date: August 19, 2010
Richmond, Virginia